## Blume, Appellant, *v.* Carrolltown Borough.

*Equity—Findings of fact by court below—Dismissal of bill—Encroachment on street.*

A decree dismissing a bill in equity filed by a property owner against a borough to restrain the threatened removal of a fence alleged by the borough to encroach upon a public street, will be sustained, where the court below finds upon sufficient evidence that the fence in question did in fact extend into the street.

Doubted whether equity had jurisdiction in such a case.

Argued May 4, 1915.    Appeal, No. 168, April T., 1915, by plaintiff, from decree of C. P. Cambria Co., March T., 1913, No. 2, dismissing bill in equity in case of Robert Blume v. Carrolltown Borough, et al.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Bill in equity for an injunction.

The bill averred that the plaintiff owned a lot in the Borough of Carrolltown fronting on Main street, that the corporate authorities had notified him to set back his fence from the line of the Main street, and that in default thereof they would remove the fence on the ground that it encroached on the street.    Defendant denied that the fence encroached on the street and averred his belief that the borough authorities would carry out their intent as indicated in the notice, unless restrained.    The bill prayed for an injunction.    The answer averred that the fence encroached upon the street, and the court below found as a fact that it did so encroach, and dismissed the bill.    No question as to jurisdiction was raised in the court below.

*Error assigned* was decree dismissing the bill.

*Harvey Roland,* with him *Wm. Davis,* for appellant.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellees.

OPINION BY HEAD, J., March 1, 1916:

The case is an unusual one on the equity side of the court. The defendant borough and its officers notified the plaintiff to remove a certain portion of his fence which, it was asserted, encroached upon and obstructed a public street of the borough. If its contention were well founded, the borough, in doing the threatened act, would be not only clearly within its right but performing an obligation imposed upon it by the law. If it was mistaken in its assertion that the fence occupied a portion of the highway, then its act in removing it would be a single, simple, naked trespass. The plaintiff, however, filed this bill in equity and prayed for an injunctive decree restraining the borough and its officers from doing the threatened act. Of course he could neither allege nor prove any irreparable damage resulting or likely to result from the removal of a few feet of paling fence. The damages he could have recovered in an ordinary action of trespass, if he could maintain his claim that his fence did not encroach upon the street, would enable him to rebuild his fence and his verdict and judgment would establish his right to thereafter maintain it in its present location.

No demurrer or plea to the jurisdiction was filed, but the defendants answered and the case went regularly to final hearing. This resulted in a decree dismissing the plaintiff's bill and from that decree he appeals.

It is trite to observe that an injunction is the strong arm of the law and he who invokes the aid of this powerful arm must come into court with a clear case reasonably free from doubt. The plaintiff in filing his bill assumed the burden of establishing such a case. A considerable mass of testimony was taken largely devoted to statements of witnesses as to the location of the fences on both sides of the highway during a period of years.

It is true the plaintiff's deed calls for the highway, then a township road, as one of his boundaries. Undoubtedly the law would carry his ownership to the center of that road on which his land abutted. But the recognition of this principle in no way helped to establish the main point of his contention.

The learned court below affirmed the defendant's seventh request for findings of fact as follows: "The property line of the plaintiff's land along Main street in the Borough of Carrolltown is where the defendants contend, and therefore the plaintiff's fence extends into the roadway for the distance claimed by the defendants. Affirmed." He also found in his fifth finding of fact as follows: "It is clear that the complainant's property line adjacent to the highway does not extend to the fence in question nor will his land as described in his deed be encroached upon by the improvement contemplated by the defendant." Unless it appear that these findings are unsupported by evidence, an appellate court must accept them and the plaintiff's case would necessarily fail.

Whilst there is a conflict of evidence as to the true location of the road, it is impossible to say that the findings referred to are without supporting evidence. The plaintiff's own deed, by him offered in evidence, shows that his property line along the township road was a straight line from end to end. The fence line, which he now seeks to maintain, is a broken and not a straight line. Moreover the same deed shows that the plaintiff's property was an irregular shaped four sided tract. It was testified to by one of the surveyors who ran the lines at the instance of the borough that plaintiff himself had pointed out the true location of three of the four corners of his property. The ascertainment of the fourth line was therefore not difficult, and that survey so made clearly supported the contention of the defendants. It was not of course conclusive against the plain-

tiff but was evidence which must have carried considerable weight when considered by the chancellor.

But it is unnecessary to elaborate in detail the whole of the evidence offered. We agree with the learned chancellor that the plaintiff entirely failed to establish such a case as would warrant the injunctive decree he sought. His bill was therefore rightfully dismissed.

Decree affirmed.